## Clarke *vs* Robinson,

ERROR TO THE MASON CIRCUIT.

*Witnesses. Evidence. Views.*

JUDGE MARSHALL delivered the opinion of the Court.

COVENANT.

*Case* 16.

*Sept.* 17.

Case stated.

THIS writ of error brings up for revision, a judgment rendered in favor of Robinson, the plaintiff in an action of covenant, on a warranty of soundness of a female slave, sold by Clarke to him.. Our attention has been called to three questions made in the course of the trial, and we perceive no other matters in the record requiring notice.

1. The plaintiff having adduced evidence to prove the condition of the slave at the time of the sale, and afterwards, the defendant objected to the evidence relating to her condition at periods subsequent to the sale, unless she herself were produced before the jury; but the Court overruled the objection and the defendant excepted. It is now contended that as the evidence of one's own senses is the best of which extrinsic facts are susceptible, the testimony of witnesses is of an inferior grade, and therefore, should not be allowed, when the fact or thing itself to which it relates, can be exhibited to the jury.

This principle may have prevailed to some extent in the ancient jurisprudence of England, when the jury was brought from the actual vicinage of the transaction which they were to try, and in many cases affecting the realty, were sent out to have a view of the premises. We suppose it was never required in cases involving mere personal property, that the jury should act upon their own view of the thing. But there has been, even with regard to the realty, an entire change in the principle of jury trials. Formerly the jury acted mainly upon their own knowledge, now they act as judges or triers of the fact upon the testimony of others, delivered openly, subject not only to cross-examination and animadversion during the trial, but to the penalties of perjury afterwards. Ac-

*[margin note:]* It never was the practice for juries to act upon their own view of things about which the controversy was had where it was a *thing personal,* though it was sometimes the case in controversies about real property. —But now: they are triers of the facts, not upon their own knowledge, as was once the case to some extent, but upon testimony of others, deliv-

ered        before
them, subject to
cross examina-
tion   and   the
scrutiny  of the
Court and jury.

It is the witness
not the jury, that
are to have per-
sonal knowledge
of the facts to
which        they
speak.

cording to the sense of modern times, it is safer to have a responsible medium of communicating the facts to the jury.

It is better that they should determine the fact upon the testimony of others, delivered under all the guards and sanctions which the law can impose, and subject to all the scrutiny which the parties and the jury themselves can exercise, than that the jury should decide according to the secret results of their own observation, which being unknown until disclosed in the verdict, are free from scrutiny and almost free from responsibility. It is the witness and not the juryman that is now required to have personal knowledge of the fact; and while the witness cannot, in general, deliver as evidence of the fact that which he has only heard from another, it is upon what he hears from others in open Court, under the sanction of an oath and the scrutiny of cross examination, that the jury-man is, in general, to base his verdict. The rule requiring the best evidence, does not require that the jury shall, in all cases where it is practicable, be furnished with the means of personally knowing the fact. Except in case of written instruments or records, although there may be more satisfactory means of knowledge, there is no higher grade of testimony as a means of communicating facts to a jury, than the statement of a witness who has himself had the best means of knowledge. To exclude this testimony wherever the fact itself can be shown to the jury, would be a retrograde movement in jurisprudence.

That there may
not be particular
cases  where it
might be more
satisfactory, and
a   party requir-
ed   to produce
an   article,   or
exhibit   it   for
examination—
not decided.

We will not say that there may not be cases involving the condition or qualities of particular articles, in which the party having the custody may be permitted or perhaps even required to exhibit it to the jury as affording the most satisfactory means of knowledge, but the Court must have a discretion even in these cases, to prevent misconception or imposition. In general the best means of proof is by the testimony of witnesses, who have made personal examination; and in order to place the parties upon a fair footing of equality in this respect, the Court would certainly have power, if it were necessary, to require the one having the custody, to afford the requisite opportunity for examination by the witnesses of the other.

There was no error in overruling the objection to the testimony now under consideration.

2. A note for two hundred dollars, the unpaid portion of the purchase money for the slave in question, having been assigned by the vendor to Septimus Clarke, who is since dead, and a judgment having been obtained thereon, Charles Clarke and Leroy Clarke, brothers and distributees of the assignee, offered by the defendant as witnesses, were objected to and excluded, as being incompetent, on the ground that judgment for the plaintiff in this case, might and would be set off against the judgment in favor of the assignee against him, whereby their interest as distributees would be affected; and to show that such set-off would be made, the plaintiff read the record of a suit in Chancery, by the plaintiff against the vendor and his assignee, in which the bill, after charging fraud in the sale, and alledging the unsoundness and worthlessness of the slave sold, and the insolvency of the vendor, prayed for an injunction until this action on the warranty should be tried, as a means of having the one judgment set-off against the other, which was prayed to be done on final hearing. The alledged insolvency of the vendor was denied both by him and his assignee, and there is no proof of it either in that suit or in this. If, therefore, the allowance of the desired set-off should be regarded as depending upon the insolvency of the assignor of the note, it does not appear that there can be any such set-off, and therefore, the right of coercing the judgment on the note, and the interest of the proposed witnesses in that judgment, cannot be affected by any result of this suit. And if there be a right to have the set-off merely on account of the alledged connection between the consideration of the note and the subject of the present suit, as to which we do not decide, still as the assignor of the note must be presumed to be solvent, his liability necessarily consequent upon such a set-off, must, in view of the ultimate interest of the distributees, be regarded as equivalent to the liability of the present plaintiff, under the judgment on the note; and especially as it may be assumed that the same decree which perpetually enjoins this judgment on the ground of the set-off, will also give to the administrator

CLARKE
*vs*
ROBINSON.

The interest of a witness to render him incompetent, must be a certain and direct legal inter. est in the suit in which he is offered.

an equivalent decree against the assignor, alike enforcible by execution. And in this view, even if it were certain that the set-off would be allowed, the estate to be distributed will not be affected thereby. There is therefore, no such certain direct legal interest in the proposed witnesses in the result of this suit, as should render them incompetent, and the Court erred in refusing to permit them to testify.

3. We are also of opinion that the Court erred in permitting the plaintiff to read the record of the Chancery suit above mentioned, as evidence to the jury, the same having been objected to by the defendant. The answer of the defendant was undoubtedly admissible against him; but the bill was only admissible so far as was necessary to explain the answer, and could not be made evidence by the plaintiff, who had filed it, even to disprove the answer read by him, and much less to prove its own statements; and the answer of the assignee could not be evidence against the assignor.

*The answer of a party in one suit, is evidence against such party in any other suit, but the bill to which it is an answer, cannot be used or read farther than is necessary to explain the answer, and cannot be evidence for the party filing it.*

For these errors the judgment is reversed and the cause remanded for a new trial, conformably with this opinion.

*Hord* for plaintiff; *Payne & Waller* for defendant.